**Jackie BAILEY; Larry Patterson, Appellants,**

v.

**Steven R. REED; City of Harrisburg; Terri Martini; Barbara Stevens; C. Richard Bowers; Joseph R. Farrell, Kerry Pae, d/b/a Kerry Pae Auctioneers; Aruba Inc; Michael J. Pycosh.**

No. 00-3363.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) Sept. 11, 2001.

Filed Feb. 27, 2002.

Before MANSMANN, RENDELL and ALDISERT, Circuit Judges.

MEMORANDUM OPINION OF THE COURT

ALDISERT, Circuit Judge.

This appeal by Jackie Bailey and Larry Patterson requires us to decide whether

the district court erred: (1) in dismissing the complaint under Rule 12(b)(6), Federal Rules of Civil Procedure as being barred by the statute of limitations and (a) erred in determining that the complaint does not allege the requisite elements of a claim under the Racketeer Influence and Corrupt Organizations Statute (RICO) 18 USC § 1061 et seq. We will affirm.

The parties are familiar with the facts and contentions presented to the district court and before us.

## I.

Dismissal under Rule 12(b)(6) is proper when "taking the allegations of the complaint as true, and viewing them liberally, giving plaintiffs the benefit of all inferences which fairly may be drawn therefrom, 'it appears beyond a doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief.'" *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 444 (3d Cir.1977), *cert. den.* 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978) (internal citations omitted).

■ Because the principal contention is brought under 42 U.S. § 1983 and Congress having failed to establish a statute of limitations for civil rights actions, the Court has held that the state limitations statute governing analogous causes of action should apply. Board of Regents of the University of the *State of New York v. Tomanio* 446 U.S. 478, 483–84, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). Pennsylvania's two year statute of limitations for personal injuries is applicable to federal civil rights claims. *Bougher v. University of Pittsburgh*, 882 F.2d 74, 78 (3d Cir.1989) and the statute begins to run at the point when the plaintiff knows or should have known of the injury which is the basis of the action. *Mitchell v. Hendricks*, 431 F.Supp. 1295 (E.D. Pa 1977) Although the

conspiracy and fraudulent misrepresentation occurred at or about the time of the auction in 1991, the complaint here was not filed until July 1, 1999. We are satisfied that the district court did not err in determining that the statute of limitations has run and that there is no viable continuing violation to toll the running of the statute. *West v. Philadelphia Electric Co.* 45 F.3d 744, 754–755 (3d Cir.1995) Although the complaint contains conclusory assertions of ongoing conduct there are no factual references to any events occurring on or after July 1, 1997, "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss." *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3rd Cir.1997).

## II.

■ We are satisfied with the district court's reasoning in dismissing the action brought under RICO. To state a viable claim under 18 USC § 1962(c),

> a plaintiff must allege 1) the existence of an enterprise affecting interstate commerce; 2) that the defendant was employed by or associated with the enterprise; 3) that the defendant participated, either directly or indirectly, in the conduct of the affairs of the enterprise; and 4) that he or she participated through a pattern of racketeering activity that must include the allegation of at least two racketeering acts. *Shearin v. E.F. Hutton Group Inc.*, 885 F.2d 1162, 1165 (3d Cir.1989).

The court reasoned as follows:

> The complaint is deficient under RICO in at least two respects. First, the facts that are alleged by Plaintiffs do not qualify as predicate acts of racketeering under the RICO statute. The racketeering activities alleged by the

City's removal of unspecified properties from the condemned list prior to the auction, the misrepresentations at the auction and the issuance of unspecified code violations.

Plaintiff's cite no authority to support the proposition that such conduct is barred by RICO. Under the most generous construction of the statute, the facts that formed the basis of the complaint do not allege predicate acts that qualify under § 1961 of the statute. Thus, on the allegation in Plaintiff's Complaint a viable RICO claim has not been pled.

App. at 70–71.

We have considered all contentions presented by the parties and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.